IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 18-cv-01914-PAB

TIFFANY PHILLIPS and
UNIVERSAL PRAXIS, LLC, a Colorado limited liability company,

      Plaintiffs,

v.

CALISTA CORPORATION, an Alaska corporation,
ANDREW GUY, and
GEORGE OWLETUCK,

      Defendants.

---

## ORDER TO SHOW CAUSE

---

      The Court takes up this matter *sua sponte* on the Notice of Removal [Docket No. 1] filed by defendants Calista Corporation and Andrew Guy. Defendants state that the Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a). Docket No. 1 at 2-3, ¶¶ 4-14.

      In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir.

1988).  Second, regarding subject matter jurisdiction, "the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction."  *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (internal citations omitted).  Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed.  *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."  *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).  Defendants assert that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a).  Pursuant to that section, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a).  The facts presently alleged are insufficient to establish the parties' citizenship.

The notice of removal states that plaintiff Universal Praxis, LLC is a citizen of Colorado because "a corporation is deemed to be a citizen of both the state of its incorporation and the state where it has its principal place of business."  Docket No. 1 at 3, ¶ 6.  Additionally, defendants aver, based on the complaint, that defendant George Owletuck "is residing in Ecuador."  *Id.*, ¶ 9.  These allegations are deficient for three reasons.  First, plaintiff Universal Praxis, LLC is a limited liability company and thus its citizenship is determined not by its state of organization or principal place of business,

but by the citizenship of all of its members.  *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015).  Because the notice of removal does not identify Universal Praxis, LLC's members or the citizenship of those members, the Court is unable to determine the citizenship of Universal Praxis, LLC.  Second, defendants allege that defendant George Owletuck is a resident of Ecuador.  Docket No. 1 at 3, ¶ 9.  However, domicile, not residency or mailing address, is determinative of citizenship.  *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity."); *see also Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another." (citations omitted)).  Defendant's residency is therefore irrelevant for purposes of diversity jurisdiction.

Finally, even if defendant Owletuck were domiciled in Ecuador, the Court would likely lack subject matter jurisdiction over this lawsuit.  A "United States citizen domiciled in a foreign country" is neither a citizen of a state nor a "citizen or subject of a foreign state" for purposes of § 1332.  *Jones v. Dalrymple*, 679 F. App'x 668, 669 (10th Cir. 2017) (unpublished) (internal quotation marks and brackets omitted) (citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828-29 (1989)).  Instead, such a person is considered "stateless" and cannot sue or be sued in federal court based on diversity jurisdiction.  *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 184 (3d Cir. 2008).  Thus, assuming defendant Owletuck is a United States citizen domiciled in

Ecuador, his inclusion in this lawsuit destroys complete diversity under § 1332.  *See*

*Newman-Green, Inc.*, 490 U.S. at 829 (finding that defendant's "'stateless' status" and

United States citizenship destroyed complete diversity under § 1332).

Because the Court is currently unable to determine the citizenship of the parties

and whether the Court has jurisdiction, it is

**ORDERED** that, on or before **5:00 p.m. on August 11, 2018**, defendants shall

show cause why this case should not be remanded to state court due to the Court's

lack of subject matter jurisdiction.

DATED July 31, 2018.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge